## HIMLER v
## HENDERSON TIRE & RUBBER CO, INC

Ohio Appeals, 3rd Dist, Crawford Co

No 1368.   Decided Nov 8, 1935

R. V. Sears, Bucyrus, for plaintiff in error.

Edward J. Myers, Bucyrus, for defendant in error.

## OPINION

By KLINGER, PJ.

It is true that the memoranda in some particulars indicates that the subscribers would take the number of shares indicated opposite their signatures providing as much as fifty thousand dollars would be subscribed. While the defendant Himler denies that the necessary number of shares were subscribed for, in the opinion of this court the evidence offered justified the conclusion that at least fifty thousand dollars worth of preferred stock was subscribed on the memoranda. In the opinion of this court, however, the memoranda is not a valid contract binding upon the parties subscribing the same. We come to this conclusion because of the express stipulation that this instrument is not and shall not be construed as a subscription to the capital stock of this or any corporation and there shall be no liability on the part of any one signing the same.

While other language in the memoranda taken alone might be interpreted as a binding obligation providing the necessary amount was subscribed, nevertheless by the addition of an express stipulation that the instrument was not intended and should not be construed as a subscription to the capital stock of this or any corporation and that there shall be no liability on the part of any one signing the same, the parties have determined the construction to be placed on the memoranda and have expressly excluded any construction whereby the defendant would be liable.

. The brief of defendant in error cites the case of **Glass Company v Clark, 118 Oh St 10**, and also **Volume 10, Ohio Jurisprudence.** Upon a careful examination of these authorities we find nothing in conflict with the conclusion of this court upon the facts as set forth in the memoranda signed by the defendant Himler. The express stipulation heretofore referred to "that the defendant was not obligated," make all the legal principles therein cited, inapplicable to this case.

The finding and judgment of the Court of Common Pleas will be reversed and final judgment entered for plaintiff in error at costs of defendant in error.

GUERNSEY, J, concurs.
CROW, J, dissents.

## DISSENTING OPINION

By CROW, J.

The entire instrument on which the suit was brought, is as follows:

### "MEMORANDUM.

"As a result of interest manifested by various leading citizens of Bucyrus, Ohio. relative to the establishment of a Tire and Rubber Manufacturing Plant in the City of Bucyrus, and under the management of C. O. Henderson, who formerly operated a successful plant, of this character, in Bucyrus, this Memorandum has been prepared to determine the number of the individuals interested and the financial support which each will be willing to contribute to the re-establishment of this important industry in Bucyrus.

"The industrial life of Bucyrus will be stimulated by the employment of approximately two hundred operators, with an estimated payroll of $200,000 annually, and by substantial purchases of power, coal, and other manufacturing necessities, all of which will increase the purchasing power of citizens of Bucyrus, with a direct benefit to all merchants, professional men and real estate owners.

"It is proposed in event a sufficient number are interested in investing in the capital of this company that a corporation be incorporated, said corporation to be authorized to issue five hundred shares of seven per cent cumulative preferred stock, par value, $100.00, retirable on call at $110.00 per share, and all accrued dividends earned thereon, and two hundred and fifty shares of no par common stock, which C. C. Henderson is to purchase for cash, which will be known as management stock.

"It is further proposed that in event of the incorporation of said company that no payments by subscribers for said capital stock shall be called for until and unless the entire $50,000.00 of preferred stock has been subscribed, thus insuring all subscribers against loss due to insufficient capital. When said capital stock is subscribed for call for payment shall be made as follows:

One-third cash on call and one-third each, thirty and sixty days thereafter.

"No bonus or commission shall be paid for securing the subscriptions to the capital stock of this corporation and no stock or other consideration will be issued for the good will created by the sale of approximately $30,000,000.00 worth of Henderson tires sold in former years and favorably known and regarded by the trade through-

out the United States, and further, that all expenses incident to securing subscriptions to the capital stock of said corporation shall not exceed 2% thereof.

"The $50,000.00 referred to above will be more than sufficient to put the company in position to acquire a plant and equip it suitably for the manufacture of tires, tubes and mechanical rubber goods, and if the corporation, when organized, deems it necessary. an additional five hundred shares of preferred stock will be authorized to be sold, and as needed, will be offered to provide any increase of capital necessary for the interest or success of the company.

"It is proposed that the company shall have five directors of which not less than four shall be residents of Bucyrus.

"The purpose of this memorandum and the obtaining of your signature, with the amount set opposite your name, is to determine only, as hereinbefore stated, the extent of the interest and support the citizens of Bucyrus have in the re-establishment of this enterprise. In the event individuals bonafidely indicate their intention to support this enterprise to the extent of $50,000.00 the said corporation will be organized, this instrument is not and shall not be construed as a subscription to the capital stock of this or any corporation and there shall be no liability on the part of any one signing same, but, upon the corporation being organized according to the laws of the State of Ohio, the stock of said corporation will be tendered to the signers hereof in the amount which they have indicated they intend to purchase."

It should also be stated that the evidence showed the instrument to have been signed by enough persons in several amounts aggregating more than fifty thousand dollars par value of preferred capital stock, and must certainly have been intended to serve either as a subscription to the preferred capital stock of the corporation, or propaganda to influence persons other than signers to so subscribe. If the latter, why the very great indulgence in detail and precision?

I regard the following portions clearly indicative of an understanding by the signers of the document, that they were subscribing for the preferred stock:

"this memorandum has been prepared to determine the number of the individuals interested and **the financial support which each will be willing to contribute**"; "in the event of the incorporation of said company that no payments by subscribers for said

capital stock shall be called for until and unless the entire $50,000.00 of preferred stock has been subscribed, thus insuring all subscribers against loss due to insufficient capital." "When said capital stock is subscribed for, call for payment shall be made as follows: One-third cash on call and one-third each, thirty and sixty days thereafter"; "The purpose of this memorandum and the obtaining of your signature, with the amount set opposite your name, is to **determine only as hereinbefore stated, the extent of the interest and support** the citizens of Bucyrus have in the re-establishment of this enterprise"; "and the stock of said corporation will be tendered to the signers hereof in the amount which **they have indicated they intend to purchase."**

It is my opinion that, regarding the word "but" as synonymous with the word "except" immediately preceding the words "corporation being organized according to the laws of the State of Ohio", etc., quoted in the majority opinion, there can be no doubt that the instrument is a subscription to the preferred stock conditioned only on aggregate subscriptions of fifty thousand dollars. That the word "but" when used as a preposition, is synonymous with the word "except," appears by both the Webster and Standard dictonaries.